UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROHAN D. DOUGLAS,

      Plaintiff,

      v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 8:09-cv-2145-VMC-TBM

## UNITED STATES' BRIEF ON DAMAGES

On June 22, 2011, this Court's chambers contacted counsel for the United States and requested a short brief on damages to prepare for trial on June 27, 2011. The United States hereby submits its brief on damages in response to the request.

**1. Florida Law Governs the Damages Inquiry Here.** The Eleventh Circuit has long held that "the components and measure of damages in FTCA claims are taken from the law of the state where the tort occurred." *Johnson v. United States*, 780 F.2d 902, 907 (11th Cir. 1986) (quoting *Harden v. United States*, 688 F.2d 1025, 1029 (5th Cir. Unit B 1982)). Under this rule, a district court should consider any relevant state statutes when calculating the "components and measures of damages." *See Estate of McCall v. United States*, -- F.3d --, 2011 WL 2084069, *3-4 (11th Cir. 2011) (affirming district court's reliance on Florida statute to cap damages in medical malpractice action); *Johnson*, 780 F.2d at 907-08 (relying on Florida's wrongful death statute to reverse district court's damages award against the United States in a medical malpractice case). The tort here occurred in Florida. *See* Doc. 68 at 13. Therefore, Florida law supplies the "components and measures of damages."

**a. Relevant Florida Law States that $50,000 Is the Appropriate Damages Amount for a Year of Wrongful Incarceration.** Under Florida's Victims of Wrongful Incarceration Compensation Act, Fla. Stat. §§ 961.01-.07, an individual wrongfully convicted of a felony may obtain compensation for any wrongful incarceration he endured because of the conviction. *See id.* § 961.06. The Florida Legislature has set the amount of compensation for wrongful incarceration at $50,000 a year, prorated, which is approximately $137 per day of incarceration. *Id.* Additionally, an individual with a prior felony conviction is not entitled to compensation under the Act. *See id.* § 961.04.

Although the Act applies to individuals wrongfully convicted and incarcerated for violation of Florida state law, which is not the case with Douglas, the public policy preferences expressed by the Florida State Legislature should not be ignored. *Cf. Johnson*, 780 F.2d at 907 (noting that a damages evaluation for FTCA claims looks to the law of the state where the tort occurred). Indeed, the Act is a clear expression of the state legislature's valuation of the intangible harm an individual suffers because of wrongful incarceration. That valuation—which includes $137 in compensation per day of wrongful incarceration—should inform this Court's damages analysis here. *See* Doc. 68 at 3.

**b. Douglas's Prior Convictions and Incarcerations Are Relevant to the Court's Damages Inquiry.** Under Florida law, where a plaintiff claims "intangible effects" he suffered because of a wrongful incarceration, that plaintiff's prior incarcerations are relevant evidence in determining what the plaintiff's damages are for those "intangible effects." *Gonzalez v. City of Tampa*, 776 So. 2d 290, 293 (Fla. Dist. Ct. App. 2000) (*per curiam*). *Compare Bryan v. Jones*, 519 F.2d 44 (5th Cir. 1975) ("Under comparable conditions of confinement . . . mental

anguish may be much less for the recidivist than for one incarcerated for the first time.") (citing cases from Tennessee and Texas). In *Gonzalez*, the plaintiff claimed damages for "injured reputation, humiliation, disgrace, and public ridicule" resulting from a false arrest. *Id.* at 293. The court ruled that evidence regarding plaintiff's prior arrests and incarcerations was admissible as to the extent of damages he suffered from his false arrest. *Id.* Here too, Douglas claims intangible effects such as "pain and suffering," "mental anguish," and "loss of capacity for the enjoyment of life" as a result of his detention by ICE. Compl. ¶ 99. Accordingly, Douglas's earlier convictions and incarcerations are relevant in evaluating his damages for these intangible effects.

    **c. Any Claim of Economic Damages by Douglas Requires Evidence Justifying a Definite Amount.** Under Florida law, economic damages cannot be founded on speculation or guesswork. *See Smith v. Austin Devel. Co.*, 538 So. 2d 128 (Fla. Dist. Ct. App. 1989). *See also Ware v. United States*, 971 F. Supp. 1442, 1470-71 (M.D. Fla. 1997) (granting no compensatory damages on malicious prosecution claim because claims of economic damages were speculative). Rather, such damages must "rest on some reasonable factual basis." *Id.* Douglas has the burden of "presenting evidence justifying a specific and definite amount of economic damages" he might contend he is entitled to recover. *United Auto Ins. Co. v. Colon*, 990 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2008) (citing *United Steel & Strip Corp. v. Monex Corp.*, 310 So. 2d 339, 342 (Fla. Dist. Ct. App. 1975)). Similarly, non-economic damages cannot be based on speculation or guesswork. *See McQueen v. Jersani*, 909 So. 2d 491, 495 (Fla. Dist. Ct. App. 2005) (noting that under "basic principles governing the recovery of damages," a damages award "cannot be based on mere guesswork or speculation but must have an evidentiary basis").

**d. The Opinion Testimony of Lay Witnesses on Matters Requiring Specialized Knowledge Is Inadmissible.** To the extent Douglas seeks to offer testimony regarding any medical conditions he may have had during his detention, such testimony must be limited by the long-standing principle that lay witnesses cannot offer opinion testimony on matters requiring specialized knowledge. *See United States v. Dulcio*, 441 F.3d 1269, 1275 (11th Cir. 2006) ("We agree that it is error to admit opinion testimony of lay witnesses based on specialized knowledge.").

**2. No Damages Should Be Awarded for Events Preceding January 25, 2006.** In its June 22, 2011 Order, this Court held that Immigration & Customs Enforcement (ICE) agents had probable cause to initiate removal proceedings against Plaintiff Rohan Douglas in 2005. *See* Doc. 68 at 19. The Court added that probable cause to maintain those proceedings until January 25, 2006. *Id.* at 20. Because ICE had probable cause to initiate and pursue the removal proceedings against Douglas until January 25, 2006, its actions before that date were lawful. Accordingly, Douglas is not entitled to recover any damages he allegedly suffered during the period preceding January 25, 2006.

**3. The Number of Days of Douglas's Detention in ICE Custody for Which the United States Is Liable Is 316.** As mentioned above, this Court held that ICE's probable cause to detain Douglas ceased on January 25, 2006. *See* Doc. 68 at 20. His 2006 detention continued until September 25, 2006, for a total of 244 days. *Id.* at 7. And in 2008, Douglas was detained in ICE facilities from February 20, 2008, until May 1, 2008, for a total of seventy-two days. *Id.* at 9. Therefore, the total number of days for which this Court held the United States improperly held Douglas in detention facilities is 316. Additionally, Douglas was placed on electronic

monitoring on May 15, 2008, and was released from that monitoring on November 14, 2008. *See* Compl. ¶ 78. Accordingly, the total number of days on which Douglas was under electronic monitoring is 184.

## **CONCLUSION**

The above principles should guide this Court in its determination of damages here.

Respectfully submitted,

                                      TONY WEST
                                      Assistant Attorney General, Civil Division

                                      ROBERT O'NEILL
                                      United States Attorney

                                      C. SALVATORE D'ALESSIO
                                      Acting Director, Torts Branch

                                      RICHARD MONTAGUE
                                      Senior Trial Counsel

                                      /s/ Paul E. Werner
                                      PAUL E. WERNER
                                      J. MARCUS MEEKS
                                      Trial Attorneys
                                      UNITED STATES DEPARTMENT OF JUSTICE
                                      Torts Branch, Civil Division
                                      P.O. Box 7146
                                      Ben Franklin Station
                                      Washington, D.C. 20044
                                      Telephone: (202) 616-4152
                                      Facsimile: (202) 616-4314
                                      E-mail: Paul.Werner@usdoj.gov

                                      Attorneys for the United States

Dated: June 24, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Matthew L. Wilson, Esq.
Mwilson@mtblaw.com
Marshall Thomas Burnett, P.L.
200 North Pierce Street, First Floor
Tampa, Florida 33602

   s/ Paul E. Werner
PAUL E. WERNER
Trial Attorney
UNITED STATES DEPARTMENT OF JUSTICE
Torts Branch, Civil Division
P.O. Box 7146
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4152
Facsimile: (202) 616-4314
E-mail: Paul.Werner@usdoj.gov