UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROHAN D. DOUGLAS,

    Plaintiff,

v.                        CASE NO:  8:09-cv-2145-T-33TBM

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff's Motion for Attorneys' Fees and to Tax Costs (Doc. # 84). The United States filed a Response in opposition thereto (Doc. # 88). For the reasons stated herein, the motion is denied as to attorneys' fees.[1]

On June 27, 2011, this Court held a non-jury trial on the damages as to Plaintiff's malicious prosecution claim brought pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and awarded Plaintiff $68,500 in damages. Doc. # 83. Plaintiff now moves for attorneys' fees as the prevailing party.

The FTCA does not specifically authorize an award of

---

[1]The Court will address the issue of costs by separate Order in conjunction with the United States' Motion to Review the Clerk's Action in Taxing Costs (Doc. # 91).

attorneys' fees directly under the act. Joe v. United States, 772 F.2d 1536, 1536 (11th Cir. 1985). The FTCA, however, does not bar the recovery of attorneys' fees if another statute permits its recovery. See id. The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, allows for the recovery of attorneys' fees against the United States in certain situations. Id.

> Section 2412(b), states as follows:
>
> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. *The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.*

28 U.S.C. § 2412(b)(emphasis added). The award of attorneys' fees pursuant to § 2412(b) is discretionary rather than mandatory. See Lucarelli v. United States, 943 F. Supp. 157, 158 (D.P.R. 1996).

Plaintiff argues that he is entitled to attorneys' fees pursuant to 28 U.S.C. § 2412(b). The Court finds, however, that Plaintiff has not established that "any other party would be liable under the common law or under the terms of any

2

statute which specifically provides for [an attorneys' fee] award." Plaintiff first argues that the phrase "common law" is ambiguous, and that Congress - through the EAJA - aimed to "move away from the American Rule and towards the English Rule." Doc. # 84 at 5. The Eleventh Circuit, however, has held that nothing in the EAJA indicates courts should "diverge from the 'American rule' which 'refers to the tradition in the United States that litigants must bear their own attorney's fees.'" Johnson v. United States, 780 F.2d 902, 910 (11th Cir. 1986)(quoting Joe, 772 F.2d at 1537). Accordingly, the Court finds that § 2412(b)'s reference to "common law" does not serve as a basis for an award of attorneys' fees in the case at bar.

Plaintiff next argues that 42 U.S.C. § 1988 - combined with the EAJA - authorizes an award of attorney's fees. Doc. # 84 at 5. The Eleventh Circuit, however, has held "that attorney's fees under section 2412(b) cannot be awarded against a federal defendant pursuant to 42 U.S.C.A. § 1988, except in actions to enforce against the defendant a provision of statutes *specifically listed* in section 1988." Martin v. Heckler, 773 F.2d 1145, 1153 (11th Cir. 1985)(emphasis added), abrogated on other grounds by Tex. State Teachers' Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782 (1989). The FTCA is

3

not listed in § 1988. See 42 U.S.C. § 1988. Therefore, there is no basis for attorneys' fees pursuant to § 1988 in the case at bar.

The United States aptly points out that Congress anticipated the risk that attorneys' fees might unreasonably diminish an FTCA plaintiff's net recovery and addressed it by specifying that "[n]o attorney shall charge, demand, receive, or collect for services rendered, fees in excess of 25 per centum of any judgment." 28 U.S.C. § 2678. This suggests that Congress intended that plaintiffs pay attorneys from their judgments and not recover "prevailing party" attorneys' fees under statute or common law. However, even if this were not the case, this Court is not otherwise persuaded to use its discretion to award Plaintiff his attorneys' fees in this case.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion for Attorneys' Fees and to Tax Costs (Doc. # 84) is **DENIED** as to the issue of attorneys' fees.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>11th</u> day of October, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record